IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02584-LTB-GPG

FELICIA DIXON,

    Plaintiff,

v.

RYAN LONG, Warden,
TIMOTHY USRY,
BRIAN SCOTT,
NEVIN JOHNIE,
S. SPEAKS,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Amended Prisoner Complaint (ECF No. 5) filed *pro se* by Plaintiff Felicia Dixon on October 22, 2021. The matter has been referred to this Magistrate Judge for recommendation. (ECF No. 12).[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court must construe the Amended Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Amended Prisoner Complaint and the action be dismissed.

## I. BACKGROUND

Plaintiff, Felicia Dixon, is in the custody of the Colorado Department of Corrections, currently incarcerated at the Denver Women's Correctional Facility ("DWCF"). On September 23, 2021, she initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit For Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (ECF No. 2). Following an order from the Court to cure deficiencies, Plaintiff filed an Amended Prisoner Complaint (ECF No. 5) on October 22, 2021. She has been granted leave to proceed *in forma pauperis*. (ECF No. 7).

On November 9, 2021, the Court ordered Plaintiff to file a second amended prisoner complaint. (ECF No. 9). Specifically, Plaintiff was ordered to file a second amended prisoner complaint that did not request relief that is only available in a habeas action, that asserted claims which were not barred by the rule in *Heck v. Humphrey*, that complied with Rule 8 of the Federal Rules of Civil Procedure, that adequately alleged

the personal participation of the defendants in the federal violations, that did not assert claims which were barred by Eleventh Amendment immunity, and that adequately alleged the required elements of her individual constitutional claims. (*Id.*).  Plaintiff was warned that the action might be dismissed if she failed to file a second amended prisoner complaint as directed within the time allowed. (*Id.*).  The Court's November 9, 2021 Order was returned to the Court by the United States Postal Service as undeliverable. (ECF No. 10).  The envelope indicates that it was "Refused by Offender." (*Id.*).

Plaintiff has failed to file a second amended prisoner complaint within the time allowed.  Therefore, the Amended Prisoner Complaint (ECF No. 5), filed on October 22, 2021, is the operative pleading before the Court.

## II. DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983 against the DWCF Warden (Defendant Long), DWCF Assistant Warden (Defendant Usry), DWCF officials (Defendants Scott and Speaks), and a DWCF maintenance worker (Defendant Nevin). Plaintiff sues Defendants Long, Scott, and Usry in their individual and official capacities but she does not indicate the capacity in which she brings claims against Defendants Nevin and Speaks. (ECF No. 5 at 2-4).  The Amended Prisoner Complaint asserts one claim, titled "Your Honor My 14th & 8th Amendment Rights have been violated by the D.W.C.F. staff . . . ." (*Id.* at 5).

Plaintiff alleges that DWCF staff have retaliated against her for filing grievances by writing her up for offenses she did not commit and transferring her to violent and

unsafe units. Based on the false write ups, she alleges that she has lost good time credit and that she was not granted parole. She also alleges that she did not receive a hearing for at least one of her write-ups. Additionally, she alleges that DWCF officials did not protect her from a violent attack by another offender, who bit Plaintiff's breast and finger. Further, according to Plaintiff, she did not receive her required medication for at least six months. Finally, she complains that her conditions of confinement, including a flooded cell, only having cold water available, having freezing air blowing out of the vents, and having loud emergency doors slamming all night have caused her to suffer from frost bite, constant sicknesses and colds, anxiety, and prevented her from sleeping.

As relief, Plaintiff requests "#1. Imediate [sic] release from prison & placed on parole, #2. Dismissals of numerous write-ups that were purposely not dismissed (nor should've been written), #3. I want all wrongfully taken good time/ earn time returned, #4. I want outpatient mental health treatment paid by D.O.C., #5. I am also seeking monetary damages & at this time it is an undetermined amount, #6. I also want all my outside medical (physical) treatment paid by D.O.C. (due to numerous injuries suffered in their care)." (ECF No. 5 at 12).

As Plaintiff was informed in the Order to File a Second Amended Prisoner Complaint, her Amended Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

A plaintiff's vague and conclusory allegations that her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not h[er] conclusory allegations." *Hall*, 935 F.2d at 1110.

The Amended Prisoner Complaint does not comply with Rule 8 because it does not provide a short and plain statement of the Plaintiff's claim showing that she is entitled to relief.  Plaintiff does not allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed her, what specific legal right she believes the defendant violated, and what specific relief she requests as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

Accordingly, I recommend that the Amended Prisoner Complaint be dismissed without prejudice for failure to comply with Rule 8.

### III. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Amended Prisoner Complaint (ECF No. 5) and the action be dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

DATED December 22, 2021.

BY THE COURT:

s/ Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge